Without an allegation or evidence of impairment caused by the use of alcohol or cocaine by appellant, the result surely would have been different. For the majority to rely on harmless error to affirm the conviction essentially prevents appellant from being fairly tried and convicted.
The overruling of the defense's motion in limine effectively kept appellant from objecting to the introduction of the medical records and the coroner's testimony. Defense counsel had the court's opinion on the admissibility of the coroner's testimony and to further object would have been fruitless. When the medical records were ordered withdrawn, there was absolutely no foundation for the coroner's testimony, and it should have been stricken sua sponte.
It appears to this writer that the conviction of appellant for aggravated vehicular homicide should be reversed. Clearly there was no indication at the scene that appellant was under the influence of alcohol or drugs. The testimony negated any such implication. The record supports a finding that appellant exhibited a substantial lapse of due care and failed to perceive or avoid the consequences of his acts. He was guilty of negligence and a violation of R.C. 2903.07.
In the absence of evidence and testimony indicating appellant had traces of marijuana and cocaine in his system, the only evidence was appellant's questionable speed and a red light violation which caused the tragic result.
It is my opinion that it was error for the trial court to have denied defense counsel's motion in limine. It was error to admit the hospital records into evidence and to allow the coroner to testify. When the medical records were removed from evidence, the coroner's testimony was completely invalid. Once the jury heard a suggestion that appellant had at some time consumed alcohol and/or drugs, no instruction by the court could remove the prejudice against appellant in the minds of the jurors.
The cause should be reversed and remanded for new trial on the charge of vehicular homicide. Therefore, I must dissent.